IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIJAH R. WILLIAMS** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 23-CV-3945 |
| | : | |
| **ANTHONY CASO**, *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                APRIL 12, 2024

On October 11, 2023, Elijah R. Williams filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his Fourth Amendment rights. After granting Williams leave to proceed *in forma pauperis*, the Court directed service on Defendants Anthony Caso and B. Bonita Martin, (ECF Nos. 5, 11). A summons was returned executed by Defendant Caso on March 25, 2024 (ECF No. 13.) Martin has not yet been served. On March 28, 2024, Williams filed a pleading (ECF No. 14) that the Court will deem to be a Motion to serve a supplemental pleading under Federal Rule of Civil Procedure 15(d). In the pleading, Williams seeks to name additional Defendants to raise claims that arose after the filing of the initial Complaint. For the following reasons, the Motion is denied.

**I.      BACKGROUND AND FACTUAL ALLEGATIONS**

In his original Complaint, Williams alleged that he was arrested on December 7, 2020 and transported to the Montgomery County Correctional Facility ("MCCF").[1] (Compl. (ECF No. 2)

---

[1] A review of public records, to which the Court may refer, *see Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006), indicates that Williams was arrested on December 7, 2020 by the Pottstown Police Department on firearms charges. *See Commonwealth v. Williams*, CP-46-CR-0000561-2021 (C.P. Montgomery). He entered a guilty plea to the charges on June 10, 2022 and was sentenced to a term of 11 to 23 months. *Id.*

at 12.) Among property taken from him when he was booked at MCCF were two Samsung Galaxy brand cell phones. (*Id*.) After he was released from detention, he went to MCCF to retrieve his belongings, but learned that both of the cell phones had been seized under a search warrant obtained by Defendant Caso in connection with an investigation of a murder in Hudson County, New Jersey. He claims the affidavit used to procure the warrant lacked probable cause. (*Id*. at 13.) As such, Williams asserted claims for violation of his Fourth Amendment rights to be free from unreasonable searches and seizures. (*Id*. at 4.) He also alleged that Caso conspired with unknown New Jersey officials to violate his civil rights. (*Id*. at 5.) The complaint named as Defendants: (1) Caso; (2) Unknown NJ Detective; (3) Unknown NJ Detective; (4) Unknown NJ Prosecutor; (5) Unknown Pennsylvania Prosecutor/Supervisor. Williams later identified the Unknown NJ Prosecutor as B. Bonita Martin.[2]

In his recent submission, Williams alleges claims involving his attempts to identify the other actors who may have been involved in the allegedly illegal search and seizure.[3] He seeks to add as Defendants an Unknown Detective Supervisor at the Montgomery County, Pennsylvania Detectives Bureau; Esther Suarez, the Hudson County, New Jersey Prosecutor; and Kevin R. Steele, the Montgomery County, Pennsylvania District Attorney. (ECF No. 14 at 2.) He also seeks to name Suarez and Steele in their official capacities, and name the unknown Supervisor in his or her individual capacity. (*Id*.)

---

[2] Williams did so by returning a USM-285 Form identifying Martin. (ECF No. 7.) The Order that accompanies this Memorandum will direct the Clerk to substitute Martin for the Unknown New Jersey Prosecutor.

[3] The factual allegations set forth in this portion of the Memorandum are taken from Williams's submission (ECF No. 14). The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

Williams asserts that he went to the Montgomery County District Attorney's Office ("MCDAO") on December 26, 2023, for the purpose of obtaining the names of the unknown individuals he sought to add as defendants. (*Id*. at 3.) He spoke with a receptionist who said she was unfamiliar with how he could learn the information, and who placed a phone call to Defendant Caso. On a speakerphone, Caso disclosed the name of Defendant Martin from the Hudson County Prosecutor's Office ("HCPO"), stated that his own supervisor had approved the search warrant, but refused to provide any additional names of persons involved in the underlying search warrant, including the name of his supervisor. (*Id*. at 3-4.) Earlier, on December 19, 2023, Williams called the HCPO, spoke to a custodian of records named John P. Libretti, and asked to be furnished with the names of those in that Office who participated in the search warrant. (*Id*. at 5.) Libretti told Williams that he would have to put his request in writing and, on December 23, 2023, Williams submitted a letter to the HCPO requesting the names. (*Id*. at 6, 25-26.) He also made the request in an email to the HCPO on December 26, 2023. (*Id*. at 6, 28.) Williams received a response from Libretti and Prosecutor Suarez on January 16, 2024, stating that the search warrant was drafted by a member of the HCPO, and indicating that the information he sought was exempt from disclosure under the New Jersey Open Public Records Act. (*Id*. at 6-7, 30-31.) The letter also informed Williams that he could appeal the denial of his request by filing a complaint with the Government Records Council of the New Jersey Department of Community Affairs, or by filing a proceeding in the New Jersey Superior Court. (*Id*.)

Williams seeks to add claims against the unknown MCDAO supervisor and District Attorney Steele asserting that he has no way to learn the names of the MCDOA employees who participated in the search warrant since Caso refused to provide it and that Office lacks a procedure for obtaining the names. (*Id*. at 9.) He seeks to add a claim against Prosecutor Suarez because she

3

is responsible for the policies and procedures of the HCPO, personally refused his request for information, and allegedly did so to impede Williams's right to access the courts. (*Id.* at 10-11.)

## II. ANALYSIS

Williams's submission will be treated as a Motion to Supplement his Complaint since he seeks to add claims based on events that happened after the date that he filed his original Complaint. *See* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or even that happened after the date of the pleading to be supplemented.") So treated, the Motion to Supplement to add First Amendment access-to-the-courts claims against the unknown MCDAO supervisor, D.A. Steele, and Prosecutor Suarez is denied.[4]

The United States Supreme Court has recognized that a constitutional right to effectively use the courts is found in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002). Williams's proposed claims are asserted pursuant to the First Amendment. (ECF 14 at 11). Denial of access claims, wherever they are constitutionally grounded, generally fall into two categories, "forward-looking" claims and "backward-looking" claims. *Harbury*, 536 U.S. at 412-13.

---

[4] Whether to grant a plaintiff leave to supplement the complaint is within the Court's sound discretion, but should be liberally construed in favor of granting the motion. *Garrett v. Wexford Health*, 938 F.3d 69, 89 (3d Cir. 2019). Denial of leave to supplement is appropriate where the subject matter of the proposed supplement is entirely unrelated to the facts and claims in the complaint. *Rosa-Diaz v. Oberlander*, No. 22-0239, 2023 WL 2586451, at *1 (W.D. Pa. Mar. 21, 2023) (citing *Nottingham v. Peoria*, 709 F. Supp. 542 (M.D. Pa. 1988)) ("[A] court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out of an entirely unrelated set of facts and related to a defendant not implicated in the original complaint."). The claims Williams seeks to add by way of his pleading are unrelated to the claims in the original Complaint, arise from an entirely separate set of facts, and seek to add defendants not implicated in the original Complaint. Also, as explained, the access-to-the-courts claim he seeks to add is not plausible.

"Forward-looking" claims allege that official action has frustrated the plaintiff in preparing and filing suit at the present time. *Id.* at 413. "Backward-looking" claims allege that past official acts caused "the loss or inadequate settlement of a meritorious case, . . . the loss of an opportunity to sue, . . . or the loss of an opportunity to seek some particular order of relief[.]" *Id.* (internal citations omitted). As the name implies, "backward-looking" claims look backward to a time when specific litigation "ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id*. at 414 (footnotes omitted). "The ultimate object of [backward-looking] access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id.* Williams's proposed denial of access claims are "forward-looking" since he asserts that the additional parties he wants to add to this case have frustrated his attempt to learn the identities of the existing Defendants in order to prepare and prosecute this case.

A forward-looking claim of obstructing access to the courts requires "at least two necessary elements: an arguable underlying claim and present foreclosure of a meaningful opportunity to pursue that claim." *Broudy v. Mather*, 460 F.3d 106, 120-21 (D.C. Cir. 2006). "First, just as with backward-looking claims, a plaintiff who alleges a forward-looking claim must plead a non-frivolous, arguable underlying claim." *Id*. at 121 (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996). "Second, a plaintiff who alleges a forward-looking claim must be 'presently den[ied] an opportunity to litigate.'" *Id*. (quoting *Harbury*, 536 U.S. at 413). Williams's attempt to add forward-looking claims based on his being denied information about other persons who may have been involved in the search warrant is denied because he has a meaningful opportunity to learn this information through discovery and pursue claims against additional individuals who may have violated his civil rights by way of a future amended complaint.

5

Specifically, Rule 26 of the Federal Rules of Civil Procedure provides the process by which a litigant may learn through an initial disclosure the name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1).[5] Under Rule 26(b)(1), a litigant may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." While Rule 26 disclosures and other attempts at discovery are premature at this point in the litigation because the currently named Defendants are not yet required to answer or otherwise respond to Williams's Complaint. Should this case proceed beyond the pleadings stage Williams may avail himself of the discovery process to learn the identities of others involved in the underlying events.

Because Williams has a meaningful opportunity to pursue claims against others who may have been involved in the underlying incident in this case, his attempt to add the unknown MCDAO supervisor, D.A. Steele, and Prosecutor Suarez to assert access-to-the-courts claims against them is denied. An appropriate order follows.

*NITZA I. QUIÑONES ALEJANDRO, J.*

---

[5] While Rule 16(a)(1)(B)(iv) exempts from initial disclosure "an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision," Williams is no longer in custody.