# PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

(WITH INCORPORATED MEMORANDUM OF LAW)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ELIJAH WILLIAMS**,
Plaintiff,

v.

**ANTHONY CASO**, et al.,
Defendants.

Civil Action No. **23-cv-3945**
Judge **Nitza I. Quiñones Alejandro**

---

## PLAINTIFF'S MOTION

Plaintiff Elijah Williams, proceeding pro se, respectfully moves for leave to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). In support, Plaintiff states as follows:

1. On January 20, 2025, Plaintiff filed an amended complaint in this action naming, among others, Defendants Anthony Caso, Bonita Martin, Esther Suarez, Kent Thornton, and unknown Montgomery County and Hudson County personnel.

2. On February 27, 2025, Plaintiff filed a related action, Williams v. Martin et al., No. 2:25-cv-01062-NIQA, naming additional defendants and asserting associated claims.

3. On March 25, 2025, the Court dismissed that action without prejudice, expressly explaining that Plaintiff could pursue those defendants and claims in the instant action.

4. On March 26, 2025, the Court dismissed certain claims in this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and ruled that Plaintiff would not be permitted to amend his complaint at that time, pending the completion of discovery on the remaining claims.

5. On or about July 20, 2025, Defendant Caso served upon Plaintiff several discovery items, including an affidavit authored by Defendant Martin, which Plaintiff received for the first time. (Martin affidavit #1)

6. Fact discovery has now concluded. On November 28, 2025, the Court denied Plaintiff's motion to compel, thereby closing discovery.

7. Discovery revealed material facts, previously undisclosed surveillance practices, supervisory involvement, and ongoing constitutional violations, and clarified the factual basis for claims that Plaintiff was procedurally barred from asserting earlier due to the Court's sequencing order, all of which were solely within Defendants' possession prior to discovery.

8. On December 19, 2025, Plaintiff traveled to the United States District Court located at 601 Market Street, Philadelphia, Pennsylvania, to hand-deliver a Motion for Leave to File an Amended Complaint, along with a Proposed Amended Complaint, to the Clerk's Office. (ECF Nos. 88, 88-1).

9. Later that same day, December 19, 2025, Plaintiff learned that Defendant Bonita Martin had filed a Motion for Summary Judgment. (ECF No. 87).

10. In that motion, defense counsel represented that Exhibit B consisted of Defendant Martin's sworn statement submitted in support of the motion.

11. Upon review, however, Exhibit B (ECF 87-5) was revealed to be an application for a communications data warrant authored by Defendant Martin and submitted to authorities in Hudson County, New Jersey, rather than a sworn declaration addressing the summary-judgment arguments. (Martin affidavit #2)

12. This document had never previously been produced or made part of the record and constitutes newly disclosed evidence giving rise to additional allegations while also permitting Plaintiff to withdraw certain prior claims. Plaintiff had no means of obtaining this document earlier, as it was disclosed for the first time by Defendant Martin in conjunction with her motion for summary judgment.

13. Plaintiff now brings this motion at the first procedurally permissible opportunity, consistent with the Court's prior rulings and Plaintiff's first opportunity to address the newly discovered evidence, and respectfully seeks leave to file the Proposed Amended Complaint attached as Exhibit A.

**MEMORANDUM OF LAW (INCORPORATED)**

Where the Court has not set a deadline to amend pleadings in its scheduling order, a motion for leave to amend is governed solely by Federal Rule of Civil Procedure 15(a)(2). See Fed. R. Civ. P. 15(a)(2); Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020) (explaining that Rule 16(b)(4) applies only after a scheduling-order deadline to amend has passed). Even assuming Rule 16 applies, Plaintiff satisfies both Rule 16(b)(4)'s good-cause standard and Rule 15(a)(2)'s directive that leave to amend be freely given when justice so requires.

**I. GOOD CAUSE EXISTS UNDER RULE 16(b)(4)**

a. Good cause exists to permit amendment because the factual basis for the proposed amended complaint was not available to Plaintiff earlier, despite diligence. Both warrant affidavits at issue were disclosed after discovery disputes and contemporaneously with summary judgment, which constitutes good cause to allow amendment under Rule 16(b)(4).

b. Good cause exists because Defendant Bonita Martin disclosed—for the first time in her Motion for Summary Judgment—a warrant affidavit authorizing the search of Plaintiff's actual cellular devices in the State of New Jersey, evidence that was previously withheld, unavailable through discovery, and materially expands both the factual record and the scope of the constitutional violations at issue.

c. Good cause exists because discovery has concluded. The Court expressly deferred amendment pending discovery. Discovery is now complete, and Plaintiff promptly seeks leave to amend after learning facts that were not fully available at the pleading stage and after the procedural bar to amendment was lifted.

d. Good cause exists because, in addition to the two affidavits at issue, several critical facts were unknown to Plaintiff at the time of prior pleadings and were only revealed through the discovery process. Most notably, discovery exposed material facts contained in (Martin affidavit #1) that were omitted from Defendant Caso's affidavit—omissions bearing directly on probable cause and credibility. Discovery further revealed facts that Defendant Martin knew, or should have known, at the time she submitted her affidavit, demonstrating reckless disregard for the truth, if not deliberate falsity.

e. Finally, good cause exists because discovery identified additional defendants and supervisory actors whose involvement was not known to Plaintiff prior to the close of discovery, making amendment necessary in the interests of justice.

## II. LEAVE SHOULD BE FREELY GIVEN UNDER RULE 15(a)(2)

Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires. The Supreme Court and Third Circuit have made clear that amendment should be denied only upon a showing of undue delay, bad faith, prejudice, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962); Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). Importantly, the Third Circuit affords additional solicitude to pro se litigants, holding that "if a complaint is vulnerable to dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The court further emphasized that leave to amend should be denied only in the "rare case" where futility is clear. Id. at 114. Because Plaintiff proceeds pro se, seeks amendment in good faith based on newly discovered facts, and proposes amendments that are neither futile nor prejudicial, the interests of justice strongly favor granting leave to amend.

### Amendment Will Not Prejudice Defendants

Defendants cannot demonstrate undue prejudice because the need for amendment arose directly from Defendants' own discovery conduct and the timing of their disclosures.

a. Amendment here will not prejudice Defendant Martin. Any delay was caused exclusively by Defendant Martin's refusal to disclose the warrant affidavit during discovery and her decision to introduce it for the first time as summary-judgment evidence.

b. Amendment also will not prejudice Defendant Caso. On January 13, 2025, the Court ordered that each party, without awaiting a discovery request, provide the disclosures contemplated by Federal Rule of Civil Procedure

26(a) within fourteen (14) days of that Order (ECF 43). At that time, Plaintiff and Defendant Anthony Caso were the only parties to the action.

During this period, Defendant Caso was in possession of an affidavit authored by Defendant Bonita Martin (Martin affidavit #1), which he expressly relied upon when drafting his own affidavit. Despite the Court's Order, Defendant Caso did not produce Defendant Martin's affidavit within the required timeframe.

At the time, the claims against Defendant Martin had been dismissed. Defendant Caso knew—or should have known—that disclosure of Defendant Martin's affidavit would have provided Plaintiff with factual information directly relevant to refiling an amended complaint and reasserting claims against her. Defendant Caso nevertheless withheld the document.

As a result, Plaintiff refiled an amended complaint without access to Defendant Martin's affidavit. Notably, Defendant Martin's sole defense at that time was that Plaintiff had failed to plausibly allege her involvement and could not specifically identify her role. Plaintiff ultimately prevailed on that issue, and the Court again ordered that discovery proceed.

Thereafter, Defendant Martin sought extensions of the discovery deadlines on the ground that she had been unable to participate in discovery while her motion to dismiss was pending. Consequently, Defendant Caso did not produce Defendant Martin's affidavit until July 2025—approximately six months after the Court's January 13, 2025, Order.

Had Defendant Caso complied with the Court's Order and produced (Martin affidavit #1) pursuant to the initial schedule (approximately January 27, 2025), Plaintiff would have relied upon it to seek leave to amend his complaint. Instead, by the time the affidavit was finally produced, Plaintiff had been barred by the Court from amending the complaint until the completion of discovery.

Under these circumstances, Defendant Caso cannot credibly claim prejudice from a proposed amended complaint that relies in part on information contained in (Martin affidavit #1)—information that was not previously available to Plaintiff solely due to Defendant Caso's failure to timely comply with the Court's Rule 26(a) disclosure Order.

**Amendment Is Not Futile**

Defendants bear the burden of demonstrating futility, and any doubt must be resolved in favor of amendment. An amendment is futile only if the amended pleading would fail to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). At this stage, the Court must accept the proposed allegations as true and draw all reasonable inferences in Plaintiff's favor.

Here, the proposed amendment does far more than restate prior allegations. It incorporates specific, non-conclusory facts obtained through discovery that were not previously available to Plaintiff and which materially strengthen the plausibility of existing claims, while also supporting new causes of action and newly identified defendants.

First, the amendment cures any alleged pleading deficiencies identified in earlier rulings by adding documentary evidence, including warrant applications, affidavits, and inter-agency communications, that directly contradict Defendants' prior factual representations. These documents establish personal participation, knowledge, and decision-making authority by individual defendants who were previously shielded by information asymmetry.

Second, the proposed amendment plausibly pleads new claims that could not have been asserted earlier because the factual basis for those claims—particularly the existence, scope, and contents of out-of-state warrant materials and cross-jurisdictional coordination—was solely within Defendants' possession. Discovery revealed conduct that goes beyond mere negligence or good-faith error and supports reasonable inferences of material omissions, reckless disregard for the truth, unconstitutional searches and seizures, and supervisory failures.

Third, the amendment properly identifies and names previously unknown defendants, including supervisory and approving officials, whose roles were concealed until disclosure occurred. Rule 15 expressly permits amendment to substitute named defendants where discovery reveals their identities and involvement.

Finally, any argument that the amended claims would ultimately fail on the merits improperly invites the Court to engage in premature fact-finding. Futility does not turn on whether Plaintiff will prevail, but on whether the claims are plausible on their face. Given the newly disclosed evidence and the detailed factual allegations now available, Defendants cannot show that amendment would be futile as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the Proposed Amended Complaint attached as Exhibit A, accept it as filed upon the granting of this Motion, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

Elijah Williams
109 DeKalb St.
Bridgeport, PA 19405

(862) 230-2691

essentiallyelite456@gmail.com

Date: January 6, 2026