EXHIBIT "B"

**ESTHER SUAREZ**
**HUDSON COUNTY PROSECUTOR**
**NJ ATTORNEY ID # 23161997**
**595 NEWARK AVENUE, 6TH FLOOR**
**JERSEY CITY, NEW JERSEY 07306**
**(201) 795-6400**

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION – HUDSON COUNTY**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION, IN THE COURSE OF CONDUCTING A CRIMINAL INVESTIGATION, TO COMPEL DISCLOSURE OF:<br><br>-*A CHARGING AND SEARCH OF THE BELOW DESCRIBED CELLULAR TELEPHONE* FOR ANY AND ALL ELECTRONICALLY STORED DATA, INCLUDING BUT NOT LIMITED TO CALLS AND CALL LOGS, CONTACTS, E-MAILS, TEXT MESSAGES, INSTANT MESSAGES, PHOTOGRAPHS, VIDEOS, INTERNET ACTIVITY, WIFI AND INTERNET PROTOCOL ADDRESS DATA, AND ALL DELETED DATA.<br><br>-*SUBSCRIBER INFORMATION* FOR TARGET TELEPHONES AND TELEPHONE NUMBERS IDENTIFIED IN SAID TELEPHONE RECORDS AND DATA.<br><br>-*CALL DETAIL RECORDS* (CONTENT AND DATA), INCLUDING ANY AND ALL INCOMING AND OUTGOING CALLS, COMMUNICATIONS, TEXT (SMS) MESSAGES AND DATA USAGE.<br><br>-*HISTORICAL CELL-SITE LOCATION INFORMATION,* INCLUDING CELL SITES WITH GEOGRAPHICAL LOCATIONS, SIDES, SECTORS, AZIMUTH (ORIENTATION), BEAMWIDTH, GPS LOCATIONS, PER CALL MEASUREMENT DATA AND REAL TIME TOOL.<br><br>FOR THE FOLLOWING CELLULAR TELEPHONE FACILITIES:<br>1.  **551-285-6964,** known to be utilized by Jalil Burns<br>2.  One **Dark Blue Samsung cellular** phone known to be utilized by Elijah Williams<br>3.  One **Black Samsung cellular phone** known to be utilized by Elijah Williams | **APPLICATION FOR A COMMUNICATIONS DATA WARRANT**<br><br><br>**AS-HUD-3998A-CDW-21**<br>**551-285-6964**<br><br>**AS-HUD-3998B-CDW-21**<br>**Dark Blue Samsung**<br><br>**AS-HUD-3998C-CDW-21**<br>**Black Samsung** |

**STATE OF NEW JERSEY** )
                                        SS:
**COUNTY OF HUDSON** )

I, Detective Bonita L. Martin, of full age, being duly sworn according to law, upon my oath, depose and say:

2

1.  I am a law enforcement officer associated with the Hudson County Prosecutor's Office in the capacity of Detective. In said capacity, I am presently assigned to the Homicide Unit and have the responsibility for investigation of violations of the criminal laws of the State of New Jersey.

2.  This affidavit is made in support of a request to obtain the below listed information from T-Mobile; Sprint Corporation; Cellco Partnership dba Verizon Wireless; T-Mobile USA; Metro PCS; Sprint Corpoartion; Verizon-New Jersey, Inc.; AT&T; Boost Mobile; Omnipoint Communications; Virgin Mobile USA; Alltel; Cricket; U.S. Cellular; Verizon Communications; Comcast Cable Communications, LLC; Cablevision; and any and all telecommunications providers subject to regulation by the Federal Communications Commission to provide telecommunications services within the United States of America, as listed on an ongoing basis on FCC Form 499-A, or Internet Service Providers, VoIP Providers and any other service provider; and/or any other appropriate provider of wire or electronic communications service:

-   *SUBSCRIBER INFORMATION* FOR TARGET TELEPHONES AND TELEPHONE NUMBERS IDENTIFIED IN SAID TELEPHONE RECORDS AND DATA.

-   *CALL DETAIL RECORDS* (CONTENT AND DATA), INCLUDING ANY AND ALL INCOMING AND OUTGOING CALLS, COMMUNICATIONS, TEXT (SMS) MESSAGES AND DATA USAGE.
DATE (Time) RANGE **June 10, 2020 12:01 A.M. to August 10, 2020, 11:59 P.M.**

-   *HISTORICAL CELL-SITE LOCATION INFORMATION,* INCLUDING CELL SITES WITH GEOGRAPHICAL LOCATIONS, SIDES, SECTORS, AZIMUTH (ORIENTATION), BEAMWIDTH, GPS LOCATIONS, PER CALL MEASUREMENT DATA AND REAL TIME TOOL.
DATE (Time) RANGE **June 10, 2020 12:01 A.M. to August 10, 2020, 11:59 P.M.**

-I AM FURTHER SEEKING A WARRANT TO SEARCH : **ONE DARK BLUE SAMSUNG CELLULAR PHONE AND ONE BLACK SAMSUNG CELLULAR PHONE KNOWN TO BE UTILIZED BY ELIJAH**

3

**WILLIAMS,** CURRENTLY BEING STORED AT THE HUDSON COUNTY PROSECUTOR'S OFFICE HOMICIDE UNIT, FOR ANY AND ALL STORED AND OBSERVABLE DATA, INCLUDING BUT NOT LIMITED TO CALLS AND CALL LOGS, CONTACTS, E-MAILS, TEXT MESSAGES, INSTANT MESSAGES, PHOTOGRAPHS, VIDEOS, INTERNET LOGS, WIFI AND INTERNET PROTOCOL ADDRESS DATA AND DELETED DATA.

3. I have good reason and probable cause to believe and do believe that a review of the records and information requested and a search of ONE DARK BLUE SAMSUNG CELLULAR PHONE AND ONE BLACK SAMSUNG CELLULAR PHONE KNOWN TO BE UTILIZED BY ELIJAH WILLIAMS will reveal evidence of a crime in violation of the Laws of the State of New Jersey, specifically: Murder, a violation of N.J.S.A. 2C:11-3a(1) and (2) Possession of a Firearm for Unlawful Purpose, N.J.S. 2C:39-4b; and Unlawful Possession of a Weapon, 2C:39-5.

4. I, Bonita Martin, have been a Police Officer in the State of New Jersey for the past seven (7) years; I am presently employed by the Hudson County Prosecutor's Office in the capacity of Detective. On December of 2010, I graduated from the University of Phoenix with an Associate's Degree in Psychology. From January 2014 through June of 2014, I attended the Morris County Public Safety Academy, Basic Police Course in Morristown, NJ. The course consisted of twenty (20) weeks of training and I received basic training in various types of in which included physical training, classroom, and tactical scenarios. I am currently assigned to the Hudson County Prosecutor's Office Homicide Unit. I have been so assigned for approximately 11 months. Prior to being assigned as a Detective with the Homicide Unit, I was employed by the Hudson County Prosecutor's Office in the capacity of a Detective assigned to the In-Court Unit from February 2017 to March of 2019. As a Detective in the In-Court Unit, I worked alongside Assistant

4

Prosecutors and assisted with trial preparation.   In March of 2019, I attended John E. Reid and Associates educated on the behavioral symptom analysis of homicide investigations as well as major case studies. I am currently engaged in the investigation detailed herein, involving the forgoing specified crimes, in furtherance of which this Affidavit is submitted. I have participated in many different aspects of said investigations which include but are not limited to the following: the use of fixed surveillance, detailed background checks of suspects, handling and use of confidential informants, and execution of search warrants. In my present capacity, I am empowered to conduct investigations of and make arrests for violations of the Criminal Homicide Laws of the State of New Jersey and other specified crimes. That the facts which establish the grounds for this application and the probable cause of my belief that such grounds exist are as follows.

5.    In the course of performing my duties as a Detective with the Hudson County Prosecutor's Office Homicide Unit, I am currently assigned the duty of investigating the death of Yusef Mathis; who was found with a gunshot wound to his head in front of 226 Clerk Street Jersey City, New Jersey on Friday, July 10, 2020.

6.    LaTonia Mathis stated that she last saw her husband Yusef Mathis on July 9th, 2020 around 5:00pm. LaTonia stated that she spoke with Yusef via "FaceTime" and he stated "I'm chilling" in a brief and non-descriptive conversation. Latonia stated she texted Yusef at approximately 21:38 hrs, and he immediately responded. Latonia stated she could not reach Yusef by phone at any time after their conversation. Latonia continued to try to speak with him numerous times 0024hrs (7/9/2020), 0031hrs (7/9/2020), and 1151hrs (7/10/2020). Latonia then tried to search for him and enlisted the help of "Pop" (later identified as Samuel Martin D.O.B 6/20/1989)

5

to help look for Yusef.

7. "Pop" shared a screenshot of a text message with Yusef with LaTonia and other family members that he was with an individual named "Eli from Forrest". And did not want "Pop" to tell anyone, until he texted back he was ok.

8. It should be noted during the interview Sakiyna Lovelace (Victim's sister) called an Elijah Williams (332-201-6912,) during her interview on July 10th, 2020. During this phone call, Sakiyna asked Eli if he knew another Eli from Forrest. His response was Oh Shit. Yeah he is tall and skin. It should be noted during our investigation no one else from the area of Forrest Street in Jersey City is aware of a tall and skinny Eli. Only Eli known to the area is Elijah Williams. Elijah Williams recently was found not guilty of a homicide in Camden, NJ.  Additionally, Elijah Williams was arrested after the murder of Yusef Mathis with a handgun in Pottstown Borough, Pennsylvania, on December 7, 2020.

9. On July 10, 2020, Yusef was still missing and his family members went to look for him. A family friend located the car in front of 226 Clerk Street Jersey City, NJ and called Sakiyna Lovelace, sister to Yusef Mathis.

10. Latonia Mathis, "Pop", and Sakiyna Lovelace arrived at 226 Clerk Street Jersey City, NJ where Yusef's car was located. Through talking to family it was discovered that upon arrival Latonia Mathis looked through the windshield and saw Yusef's lifeless body in the driver seat. Vehicle's temporary registration (NJ Reg. V335196.)

11. At approximately 12:37pm Jersey City Police Department was notified of a lifeless male with a gunshot wound to the head.

12.    During the course of this investigation Detectives obtained Yusef Mathis cellular phone

6

(201-238-1439) number from his wife, sister, and best friend "Pop." Samuel Martin a.k.a. "Pop" provided his cellular phone number (551-241-8994).

13.     During the course of this investigation Detectives learned Jalil Burns also known as "Big Ben" was an individual considered as a point of contention with Yusef.   Latonia Mathis mentioned this because they were allegedly best friends last year up until they were both arrested in September of 2019. They were no longer friends after this incident occurred.

14. On September 14, 2019, Yusef Mathis was arrested with Jalil Burns and Yairisa Lizardo. Jersey City Police Department (File number 20-012062) found CDS, and a firearm in a vehicle that Yusef owned. Family members, and close friends to Yusef stated there was a disagreement between Jalil Burns and Yusef after the arrest. Jalil Burns wanted Yusef to take the charge for the firearm; however, Yusef told his wife he would only admit to his own wrongdoing. It should be noted if Jalil Burns is found guilty of the gun charge he would be trigger locked federally and looking at 10 plus years in prison.

15. While speaking with Samuel Martin a.k.a. "Pop" off camera, he stated to detectives he was the first one in the car when they located Yusef, and he took a .38 caliber revolver off of the passenger seat. However, Sakiyna contradicts that statement during her interview. Sakiyna stated she was the first one in the vehicle and briefly looked around but did not observe a gun on the front seat of the vehicle.

16. During Samuel Martin a.k.a. "Pop" interview, the Affiant observed an incoming call from "Big Ben" on this cell phone. This validates statements made to detectives that "Pop" is still speaking with "Big Ben".   Family member also told detectives that "Pop" is telling everyone Yusef killed himself.

7

17. During the course of this investigation Detectives learned "Pop" and Yusef were not on speaking terms since January 2020, and the two recently began talking again. "Pop" offered Yusef a full expense trip to California. Latonia Mathis told investigators she was encouraging a relationship between "Pop", and Yusef but on July 5, 2020 Yusef told her "Fuck the friendship."

18. On July 12, 2020, Detectives spoke with a reliable source stating Jalil Burns a.k.a. "Big Ben" hired Elijah Williams to kill Yusef Mathis since he (Elijah Williams) beat a previous murder case in Camden, NJ.

19. On Saturday, July 18, 2020, an anonymous tip was received via the Hudson County Prosecutors Office anonymous tip line. The tip stated, Jalil Burns a.k.a. "Big Ben" cellular telephone number is 551-285-6964. Detective Sergeant Jeffrey Kearns subsequently called cellular number 551-285-6964 on Tuesday, July 28, 2020. Jalil Burns answered this phone call and identified himself to Sergeant Jeffrey Kearns over the phone.   Jalil Burns did not want to speak with anyone in regards to the death of Yusef Mathis at that time.

20. During the course of this investigation, Detectives obtained Elijah Williams Cellular telephone records (201-238-1439) and were subsequently analyzed.   These records revealed that Elijah Williams a.k.a. "Eli" was is in contact with phone number 551-285-6964, believed to be utilized by Jalil Burns a.k.a. "Big Ben" one week prior to Yusef Mathis death as well as the day before.

21. The number that was observed on Yusef Mathis cellular telephone records was 551-285-6964, the same phone number that was provided through the Hudson County Prosecutor's Office tip line for Jalil Burns and the same number that Detective Sergeant Kearns dialed and spoke with Jalil Burns on.

22. On December 7, 2020, Elijah Williams was arrested by officers of the Pottstown Borough, Pennsylvania police department and charged with possession of a Glock 17 handgun. This individual is the same individual identified by Ms. Lovelace.

23. Williams was incarcerated at the Montgomery County Correctional Facility in Pennsylvania. During processing, he was found to be in possession of two (2) cellular phones, which were placed into his personal property.

24. On June 11, 2021 Detective Anthony Francesco of the Montgomery County Detective Bureau seized both phones pursuant to a search warrant, and placed them into evidence pending transfer to the Hudson County Prosecutor's Office. The phones were described as two Samsung phones.

25. On June 24, 2021 the two Samsung cellular phones, one dark blue with a black case, and the other no case and black in color were transferred from Detective Caso to Detective Bonita Martin. The phones were subsequently placed into evidence pending application of Communication Data and Search warrants.

26. Based upon my training, education and experience, coupled with the information gathered during this investigation, I have reason to believe and do believe a review of the requested information and records and a search of the cellular telephone device(s) will reveal evidence, such as a records of communications, location information, text messages and data which connects suspects, witnesses and victims to each other, the criminal activity and / or the crime scene, of the previously listed crimes.

27. I am aware that people involved in criminal activity utilize telephones and cellular telephones as their primary source of communication. Cellular telephones offer instant

9

accessibility and perceived anonymity. In addition, an examination of the cellular telephone records will assist in determining the exact date and time that the suspects may have contacted witnesses before and/or after the incident and their locations at the time. The cellular site and location information requested would assist investigators in determining what general geographical area that the potential suspects and witnesses were located in prior to, during and after the incident. A cellular site is a distribution point where a cellular telephone signal hits" when a cellular call is made or received. Cellular sites are scattered throughout the United States and, in particular, in the New York and New Jersey area. The cellular site is the mechanism by which cellular telephone calls can be transmitted. Cellular telephone companies such as T-Mobile; Sprint Corporation; Cellco Partnership dba Verizon Wireless; T-Mobile USA; Metro PCS; Sprint Corpoartion; Verizon-New Jersey, Inc.; AT&T; Boost Mobile; Omnipoint Communications; Virgin Mobile USA; Alltel; Cricket; U.S. Cellular; Verizon Communications; Comcast Cable Communications, LLC; Cablevision; and any and all telecommunications providers subject to regulation by the Federal Communications Commission to provide telecommunications services within the United States of America, as listed on an ongoing basis on FCC Form 499-A, or Internet Service Providers, VoIP Providers and any other service provider; and/or any other appropriate provider of wire or electronic communications service maintain records of cellular calls made or received by a customer and the cellular sites the calls hit. The cellular site hit by a particular cellular telephone signal will normally be the closest site to where the cellular telephone is located at the time the call is sent or received.

28. Based on my training, education and experience, I am also aware that individuals use the text messaging features on their cellular telephones to communicate, at times covertly, with each

other. A review of those text messages will reveal the nature of those communications and provide information relative to telephone users and, most probably, the aforementioned criminal activity.

29.  The date (time) range requested encompasses a relevant period of time related to the facts and circumstances of the incident. It has been my experience that an effort to uncover evidence related to the criminal activity, which would include communications relative to the incident and to the relationships between the suspect, victim and witnesses, should include a review of relative communication information and historical information which will allow for relational and pattern analysis.

30.  The data and information received as requested in this application will provide to members of the Hudson County Prosecutor's Office and the other agencies working in cooperation on this investigation a list of telephone numbers that have called the target and that the target has called.  Once this information is received it may be necessary to receive subscriber information, including the target telephones subscribers, which details the identities of the individuals who are assigned these telephone facilities. The subscriber information is possessed by those companies for those telephone facilities that will be found in said data. These companies include T-Mobile; Sprint Corporation; Cellco Partnership dba Verizon Wireless; T-Mobile USA; Metro PCS; Sprint Corpoartion; Verizon-New Jersey, Inc.; AT&T; Boost Mobile; Omnipoint Communications; Virgin Mobile USA; Alltel; Cricket; U.S. Cellular; Verizon Communications; Comcast Cable Communications, LLC; Cablevision; and other applicable private telephone companies.

31.  **WHEREFORE,** I respectfully move that a search warrant and a communications data warrant be issued authorizing me or any other duly authorized police officer and/or agent of the police to obtain the previously described records and search the above described cellular telephone

11

device(s).

32.  Should the Court grant the aforementioned requests, I also request permission to disclose this Order and Application filed in this matter, as well as information and communications intercepted pursuant to this Order and related Orders, to members of the, Jersey City Police Department, or any other law enforcement agency, who is assisting the Hudson County Prosecutor's Office.

33. This Affidavit contains sensitive, non-public information about the nature of my investigation and facts known only to law enforcement. Public disclosure of this Affidavit and the information contained therein will jeopardize my investigation and on-going investigations conducted by other agencies. Therefore, I am requesting that this application and order be sealed until further Order of this Court or until the application and order are provided to any defendant pursuant to the rules of discovery under New Jersey law.

I, Bonita L. Martin, am a detective within the Hudson County Prosecutor's Office located at 595 Newark Avenue, Jersey City, New Jersey 07302:

1. I am a detective assigned to the investigation regarding the death of Stephanie Jacques and am familiar with the facts set forth herein.

I HEREBY CERTIFY that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/BONITA L. MARTIN
Bonita L. Martin #244

12

Dated: 7/13/2021                           Detective – Homicide Unit
                                           Hudson County Prosecutor's Office